**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **JENNIFER REBOLLO**, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) JURY TRIAL DEMANDED |
| **AHB SALES, LLC** | ) ) |
| and | ) ) |
| **HOMELAND HEALTHCARE, INC.** | ) ) |
| and | ) ) |
| **JOHN DOES 1-5**, | ) ) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT**

1. Aimed at protecting consumer privacy rights, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") prohibits calls made using any "automatic telephone dialing system" to cell phones. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012).

2. Defendants called plaintiff numerous times using an automatic telephone dialing system, for the purpose of marketing and/or selling products and/or services of the Doe Defendants. These telemarketing calls persisted, even after Plaintiff's multiple and unequivocal requests that they cease.

3. Plaintiff seeks damages for herself and a class of others whose cell phones Defendants called using an autodialer and/or prerecorded message, without consent.

4. Plaintiff also seeks damages for herself and a second class of persons who Defendants called when they did not have sufficient measures in place to avoid calling numbers that had (or should have been) been placed on defendants' internal "do not call" list.

5. Plaintiff also seeks a permanent injunction prohibiting defendants from violating the TCPA in in the future.

6. Plaintiff seeks a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over these TCPA claims. *Mims*, 132 S. Ct. at 740.

8. Venue is proper because a substantial part of the events or omissions giving rise to the claims in this case occurred within this District. 28 U.S.C. §1391(b)(2).

## PARTIES

9. Plaintiff is an individual who resides in this District.

10. Defendant AHB Sales, LLC (AHB) is a foreign limited liability company with its principal place of business in Hollywood, Florida.

11. Defendant Homeland Healthcare, Inc. (Homeland) is a foreign corporation with its principal place of business in Allen, Texas. Homeland identifies itself as "a national third-party administrator and managing general agency that specializes in servicing a variety of health and wellness products."

12. AHB is a wholly-owned subsidiary of Homeland.

13. Homeland and AHB's clients include Cigna, CVS Caremark, Principal, Companion Life, Compass Professional Health Services, Consult-A-Doctor, Freedom Life, Pan American Life Insurance Company, United Concordia.

14. AHB and Homeland acted together to place all of the illicit calls that are the subject of this Petition.

15. Defendants John Does 1-5 are, upon information and belief, companies that sell health insurance, health products and/or health services that employed Homeland to contact consumers regarding their business.

16. Homeland and AHB, and any intermediaries such as insurance agencies, acted with the consent and at the direction of Defendants John Does One through Five when they placed the illicit calls that are the subject of this Petition.

## FACTS

17. Plaintiff pays for and maintains a cellular telephone number ending in 3436.

18. Beginning in January 2013, Defendants began placing calls to Plaintiff's cellular telephone number, sometimes multiple times per day.

19. During at least some of these calls, Defendants left a voice message for Plaintiff using artificial or prerecorded voice.

20. Other than Defendants' calls, Plaintiff has had no contact with Defendants.

21. Plaintiff never solicited Defendants' calls and never otherwise gave Defendants express permission to call.

22. Plaintiff has tried repeatedly to make Defendants stop these incessant calls.

23. On four separate occasions in 2013 - February 28, March 1, March 4, and March 5 - Plaintiff called Defendants to request that the calls stop.

24. On each occasion, Defendants assured Plaintiff that her number would no longer be called.

25. However, Defendants' calls continued unabated after each occasion.

26. Defendants have called Plaintiff at least thirty-six (36) times since she last requested that Defendants cease calling her.

27. Defendants' calls for Plaintiff were placed from Defendants' automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to Defendants.

28. Specifically, Defendants' dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

29. Defendants' calls were made to Plaintiff's cellular phone and she was charged for those phone calls.

30. Plaintiff never provided express consent for Defendants to place calls to her cellular phone with Defendants' automatic telephone dialing system or to call her using an using an artificial or prerecorded voice.

31. Defendants' conduct has caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry and she was forced to tend to unwanted calls.

## COUNT I – TCPA – Robocalls to Cell Phones

32. Plaintiff incorporates all previous paragraphs of this Complaint.

33. It is a violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), to call a person's cellular telephone using an automatic telephone dialing system.

34. Defendants called plaintiff and others on their cellular telephones using an automatic telephone dialing system.

35. It is also a violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), to call a person's cellular telephone using an artificial or prerecorded voice.

36. Defendants called plaintiff and others on their cellular telephones using an using an artificial or prerecorded voice.

37. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system.

38. The Defendants' calls were negligent, or alternatively, as evidenced by Defendants' refusal to comply with Plaintiff's requests to cease calling, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

39. Plaintiff brings Count I on behalf of a class, which consists of:

All persons nationwide who AHB, Homeland or some person on their behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the recipient of the call did not give either defendant the phone number for purposes such calls, where any call was made on or after a date four years before the filing of this complaint.

40. The class is sufficiently numerous to make joinder impracticable. The only use for automatic dialing equipment is to make a high volume of telephone calls in a short period of time.

41. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendants used an automatic telephone dialing system as that term us defined in the TCPA and applicable FCC regulations and orders; and

    b. Damages, including whether the violation was willful.

42. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing

his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

43. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

44. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

45. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

46. The identity of the class is likely readily identifiable from defendant's records.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, Plaintiff requests that the Court certify the class proposed above, name Plaintiff as the class representative, name the undersigned as class counsel, enter judgment in favor of herself and the class and against Defendants providing the following relief:

    a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

  b. A permanent injunction prohibiting defendants from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system or artificial/prerecorded voice;

  c. A declaration that defendants used an automatic telephone dialing system and artificial/prerecorded voice, and a declaration that they violated the TCPA in calling plaintiff and the class; and

  d. Any other relief the Court finds just and proper.

### COUNT II – TCPA – Company Specific Do Not Call

48. Plaintiff incorporates all previous paragraphs of this complaint.

49. It is a violation of 47 C.F.R. § 64.1200(d) to have insufficient procedures in place to ensure requests that calls cease are honored.

50. It is a violation of the TCPA, 47 C.F.R. § 64.1200(d)(3) to call a residential or cellular telephone for telemarketing purposes, if the consumer has requested that calls cease.

51. A private right of action attaches when more than two such calls are made within a twelve month period. 47 U.S.C. § 227(c)(5).

52. Defendants called Plaintiff and others more than once within a 12 month period on her residential and cellular telephone for telemarketing purposes, without having sufficient procedures in place to avoid calling persons who previously requested that calls cease. 47 C.F.R. § 64.1200(d).

53. Alternatively, Defendants had no procedures at all.

54. The Defendants' violations were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

55. Plaintiff brings Count II on behalf of a class, which consists of:

All persons nationwide who AHB, Homeland or some person on their behalf called on their residential or cell phone for the purpose of selling goods or services, where defendants had in place the same or similar company specific do not call policy, practice or procedure (or lack thereof) as when plaintiff was called, where the phone number was called more than twice in a 12 month period.

> Plaintiff alleges a subclass of persons who were called more than twice after they had requested that calls cease.

56. The class is sufficiently numerous to make joinder impracticable. The only use for automatic dialing equipment is to make a high volume of telephone calls in a short period of time.

57. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

> c. Whether Defendants' company specific do not call policies, practices and procedures complied with the TCPA, including 47 C.F.R. § 64.1200(d); and
>
> d. Damages, including whether the violation was willful.

58. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

59. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

60. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

61. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

62. The identity of the class is likely readily identifiable from Defendant's records.

63. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, Plaintiff requests that the Court certify the class proposed above, name Plaintiff the class representative, appoint the undersigned as class counsel, enter judgment in favor of herself and the class and against defendants that provides the following relief:

    a. Statutory damages of up to $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

    b. A permanent injunction prohibiting defendants from violating the TCPA in the future through failure to comply with the company specific do not call rules and regulations;

    c. A declaration that defendants did not have sufficient policies, practices and procedures to honor do not call requests;

    d.    Any other relief the Court finds just and proper.

Respectfully submitted,

VOYTAS & COMPANY

/s/ Nathan K. Bader

_____
RICHARD A. VOYTAS, #52046
NATHAN K. BADER, #64707
**VOYTAS & COMPANY**
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiff demands trial by jury.

        VOYTAS & COMPANY

        /s/ Nathan K. Bader
        _____
        Nathan K. Bader

        RICHARD A. VOYTAS, #52046
        NATHAN K. BADER, #64707
        **VOYTAS & COMPANY**
        1 North Taylor Ave.
        St. Louis, Missouri 63108
        Phone: (314) 932-1068
        Fax:  (314) 667-3161

        Alexander H. Burke
        **BURKE LAW OFFICES, LLC**
        155 N. Michigan Ave., Suite 9020
        Chicago, IL 60601
        (312) 729-5288
        (312) 729-5289 (fax)
        ABurke@BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the each defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that it request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

VOYTAS & COMPANY

/s/ Nathan K. Bader

_____

Nathan K. Bader

RICHARD A. VOYTAS, #52046
NATHAN K. BADER, #64707
**VOYTAS & COMPANY**
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
Fax:     (314) 667-3161

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com